# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1345 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ALLEGHENY HOSPITAL AND | ) | |
| EMERGENCY DEPT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE

Plaintiff initiated this *pro se* action by filing a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") on October 9, 2018 (Doc. 1). On October 11, 2018, this Court granted Plaintiff's Motion (Doc. 2) and the Clerk of Court filed Plaintiff's Complaint (Doc. 3). For the reasons below, the Court will dismiss this action for lack of subject matter jurisdiction.

## LEGAL STANDARD

After granting IFP status, the Court must dismiss a case on its own action if the allegations in the Complaint show no basis for the Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003); see also Johnson v. Philadelphia Housing Authority, 448 F. App'x 190, 192 (3d Cir. 2011). Federal courts are courts of limited jurisdiction, and the Court can exercise subject matter jurisdiction over this action only if this case arises "under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, ("federal question jurisdiction") or if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, ("diversity jurisdiction").

"A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

**ANALYSIS**

The substance of Plaintiff's claim, in its entirety, is as follows:[1]

> On or about July 6, 2018 while seeking treatment in the E[R,] medical staff and doctors there [h]ad told my parten'er [sic] that was a Freind [sic] while there for care that I [h]ad Aides [sic] and they violated Hipa [sic] and my civil [r]ights and more and put my life in [d]anger [b]y staff of A.G.H. [Allegheny General Hospital.]

(Doc. 3, 5.)

Plaintiff has indicated that both parties are Pennsylvania citizens and that the basis for this Court's jurisdiction is a federal question. (Id. at 3-4.) Specifically, based on the allegations

---

[1] At the outset, the Court notes that this claim is nearly identical to one that Plaintiff filed in this Court on July 26, 2018 at Civil Action No. 18-993, which appears to relate to the same event. The Court dismissed that action for lack of subject matter jurisdiction on July 30, 2018. (Civil Action No. 18-993, Doc. 3.) In that action, also against Allegheny General Hospital (named by Plaintiff in that action as "Allegheny Health Network Hospital"), Plaintiff claimed that he

> Went to Allegheny Gen Hosp Emergency Room on 7-9-2018 for treatment with freind [sic] and the staff there was told about my medical condictions [sic] and civil rights were violated By [sic] the Medical Dept.

(Civil Action No. 18-993, Doc. 1-1, 5.) While a Court may deny an IFP plaintiff the opportunity to litigate the same claim against the same party twice by virtue of *res judicata*, e.g., Rooks v. Driadon, 1993 U.S. Dist. LEXIS 6466, at *11 (E.D. Pa. May 18, 1993), a dismissal for lack of subject matter jurisdiction will not preclude a plaintiff's opportunity to raise the same claim in a way that overcomes the initial jurisdictional defect. Hughes v. U.S., 71 U.S. 232 (1866); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4435 (3d ed. 2017) ("Dismissal [for lack of jurisdiction] should not preclude a second action on the same claim that overcomes the initial defect of jurisdiction."). But see id. ("At the same time, such dismissals generally do preclude relitigation of the underlying issue of jurisdiction."). The Court will proceed to analyze its jurisdiction by addressing Plaintiff's attempt to cure the original jurisdictional defect.

quoted above, the Court infers that Plaintiff seeks to raise a statutory claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d-1 *et seq.*, based on Defendant's unauthorized disclosure of protected health information.[2] However, as this Court—and every federal Court to address this issue—has previously concluded, "HIPAA does not create a private cause of action." Henderson v. Borough of Baldwin, 2016 U.S. Dist. LEXIS 127609, at *19 (W.D. Pa. Sept. 20, 2016); see also Wolf v. New Jersey, 2018 U.S. Dist. LEXIS 69188, at *22 n.11 (D.N.J. April 23, 2018). As a result, to the extent that Plaintiff raises a private claim for unauthorized disclosure against a hospital under HIPAA, such a claim is not colorable and cannot serve as the basis for this Court's jurisdiction.

The remainder of Plaintiff's allegations fail to raise questions of federal law, and, likewise, cannot give rise to this Court's jurisdiction. Moreover, to the extent that Plaintiff reasserts the jurisdictional bases he asserted in his prior action against the same Defendant[3] and arising from the same events (Civil Action No. 18-993), such an issue is precluded by *res judicata*. 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4435 (3d ed. 2017) ("dismissals [for lack of jurisdiction] generally do preclude relitigation of the underlying issue of jurisdiction"). Due to their relevance here, the Court has attached Plaintiff's earlier complaint and the Court's Order dismissing the same as Exhibits 1 and 2 to this Order.

As Plaintiff has failed to allege facts or cite relevant law that would establish this Court's subject matter jurisdiction, the Court finds that it lacks subject matter jurisdiction over this action, and that leave to amend would be futile.

---

[2] Plaintiff cites no constitutional provisions and Defendant is not a state actor.
[3] It is clear from Plaintiff's allegations that both actions were brought against the same entity, labels aside.

3

* * *

Accordingly, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction, without prejudice to Plaintiff filing his claim in state court.

IT IS SO ORDERED.


October 22, 2018                                  s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via First-Class U.S. Mail):

Alvin R. Simmons, Jr.
6900 Riverside Place
Apt 34D
Pittsburgh, PA 15225